David Stebbins (pro se Plaintiff)      123 W. Ridge Ave., APT D, Harrison, AR 72601
(870) 212-4947                 acerthorn@yahoo.com

UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA

DAVID STEBBINS,                                                      PLAINTIFF

VS.                                 Case 3:22-cv-04082-AGT

JARROD JONES                                                         DEFENDANTS

### MOTION FOR LEAVE TO CONDUCT SERVICE OF PROCESS BY EMAIL

Comes now, pro se Plaintiff David Stebbins, who hereby submits the following the following Motion for Leave to Conduct Service of Process by Email.

### Background

1. On May 13, 2023, the Court ordered that service of process be attempted on Jarrod Jones at his home in western Washington State. See Dkt. 26.

2. However, service has been returned unexecuted, with the resident of that place claiming that Jarrod Jones does not live there. As of the time of this writing, the "Summons Returned Executed" has not yet been filed with the Court, but I have confirmed over the phone that it was returned back to the Court "weeks ago" (Marshall's exact words), and that it must have gotten lost in the mail. For proof of this, see the unlisted video at https://youtu.be/S8OIJapR6eU. At timestamp 3:31, you can hear me transparently disclose that I was recording the call, and she said it was fine.

3. There is a reasonable possibility that this claim (that Jarrod Jones does not live there) is a lie. It is entirely possible that it was, in fact, Jarrod Jones who said this, and that he intentionally denied that he was Jarrod Jones in an attempt to duck service of process. After all, he has engaged in behavior like this before. As soon as I filed this lawsuit, he quickly deleted his YouTube channel and even publicly admitted on Kiwi Farms that he did so with the intention of obstructing my ability to identify and serve him with process int his case. See Dkt. 5, ¶¶ 4-5 and the corresponding exhibits.

4. Nevertheless, service has been returned unexecuted all the same.

5.     Because I have made reasonably diligent efforts to locate the defendant to no avail, I now ask for leave to serve the Defendant by alternative means, specifically by email. Bear in mind that I am not required to exhaust every conceivable means of locating the defendant; I am only required to perform a reasonably diligent search, which I have done in this case.

6.     If granted, I will serve a copy of the summons and complaint on the Defendant by attaching them to an email sent to zellzander@gmail.com. I will then file a notice with the Court showing proof that I have done this.

**Law**

7.     For the following reasons, the Court should grant this motion.

<u>The Court has discretion to do this.</u>

1.     Fed. R. Civ. P. 4(e)(1) grants district courts the power to authorize service of process by any method otherwise authorized in the state courts of the state where the federal district court is located. In this case, that's the state of California.

2.     This has already happened before. See Miller v. Ceres Unified Sch. Dist. , No. 1:15-CV-0029-B AM, 2016 WL 4702754 (E.D. Cal. Sept. 7, 2016)[1] as just one example of a federal district court authorizing service by email, even when the defendant is not a foreign national, when attempts to locate the defendant were unsuccessful.

3.     The only constitutional requirement for service of process is that it must be reasonably calculated to give actual notice to the defendant of the pending action and afford him an opportunity to defend himself. See Rio Properties, Inc. v. Rio Intern. Interlink, 284 F. 3d 1007, 1017 (9th Cir. 2002) (citing Mullane v. Central Hanover Bank & Trust Co., 339 US 306, 314 (1950)). This gives district courts broad discretion to authorize service using methods that comport with modern technology. See Rio, supra at 1017 ("Courts ... cannot be blind to changes and advances in technology ... Electronic communication via satellite can and does provide instantaneous transmission of notice and information. No longer must process be mailed to a defendant's door when he can receive complete notice at an electronic terminal inside his very office, even when the door is steel and bolted shut"). Meanwhile, David Faud writes "While service by email or social media may be novel and unorthodox , it is also a practical and realistic

---

[1]  This unpublished opinion can be found at the following url: casetext.com/case/miller-v-ceres-uniified-sch-dist

method for notifying defendants of pending litigation. Email and social media accounts are free, widely used, and accessible anywhere at any time." See https://abtl.org/report/la/articles/David_Faud_abtl_Reprint.pdf.

4. Therefore, the Court absolutely does have discretion to dot his.

<u>Defendant is reasonably calculated to be apprised of the action.</u>

5. In Case 4:21-cv-04184-JSW (Stebbins v. Polano), Dkt. 102, 104, and 117, the District Court granted my motion for leave to serve Karl Polano by email, while denying without prejudice my motion for leave to serve Raul Mateas by email. The judge did this because I had provided extensive email correspondence with Karl Polano, proving that he regularly checks and responds to emails sent to the email address of sofiannp@hotmail.com, thereby proving that he is likely to be apprised of the action if service of process is sent to that email address, but that I had not provided the same proof of correspondence with Raul Mateas.

6. In light of this, please find attached **Exhibit A**, providing only a small (but still adequate) sample of the email correspondence I have engaged in with the defendant through the email address of zellzander@gmail.com. This proves that the defendant is almost certain to be apprised of the action (assuming he isn't apprised already; see next subsection for details) if the summons and complaint are sent to that email address.

<u>Defendant already knows about the litigation.</u>

7. The Defendant actually and subjectively already knows about this litigation. In fact, he has made posts on the website of Kiwi Farms openly acknowledging that he is aware of the pending action. See **Exhibit B**[2]. He even admits that he deleted his YouTube account in the hopes of obstructing my ability to locate him. See **Exhibit C**[3].

---

[2] You can see this post by going to the url of
https://kiwifarmsaaf4t2h7gc3dfc5ojhmqruw2nit3uejrpiagrxeuxiyxcyd.onion/threads/david-anthony-stebbins-acerthorn-stebbinsd-fayettevillesdavid.116370/page-52#post-12421130

However, you will need a Tor browser to access this website, as Kiwi Farms has since been taken off the clearnet.

[3] You can see this post by going to the url of
https://kiwifarmsaaf4t2h7gc3dfc5ojhmqruw2nit3uejrpiagrxeuxiyxcyd.onion/threads/david-anthony-stebbins-acerthorn-stebbinsd-fayettevillesdavid.116370/page-54#post-12423158

You will need a Tor browser for this link, too.

8. This is important because we must remember that "service of process" is not a stand alone right that exists for its own sake. It is simply the default means of honoring the Defendant's constitutional right to be notified of the litigation and given a reasonable opportunity to respond accordingly. See Mullane v. Central Hanover Bank & Trust Co., 339 US 306, 314-15 (1950). In cases where, as is the case here, the unserved defendant(s) clearly already know of the litigation, service of process becomes merely a formality, at which point, that is typically a factor weighing in favor of granting leave to conduct service by email. See *Miller v. Ceres Unified Sch. Dist.*, Case No. 1:15-cv-0029-BAM, 5 (E.D. Cal. Sep. 7, 2016) ("Indeed, there is little doubt that Defendant Kimberly Phipps is fully aware of this lawsuit"). See also U.S. ex rel. UXB Int'l, Inc. v. 77 Insaat & Taahhut A.S., No. 7:14-CV-00339, 2015 WL 4208753, at *3 (W.D. Va. July 8, 2015) (holding that email service on owner of Iraqi and Afghan corporat e defendants was proper where owner and defendants were "more than likely" already aware of litigation).

9. At this point, service of process is merely a formality. The Court could probably forego service entirely, and simply post an order, appearing only on Pacer, ordering him to appear within 21 days, and treat that as service effected. While the propriety of that action may be questionable under the Federal Rules of Civil Procedure, the Defendant's *constitutional* right to notice would still be satisfied. Service, even by email, is merely a box that needs to be checked simply because "that's the law," while serving no actual pragmatic function.

<u>I am not required to exhaust all other methods of service before requesting this.</u>

8. As I alluded to earlier, it is not necessary that I exhaust literally all conceivable methods of locating the Defendant. All that is required is that I make reasonable efforts to locate him. I have done that.

9. The 9th Circuit has recognized that service by email "is neither a 'last resort' nor 'extraordinary relief.' It is merely one means among several which enables service of process." See Rio Properties, Inc. v. Rio Intern. Interlink, 284 F. 3d 1007, 1015 (9th Cir. 2002). Bear in mind that "[t]he goal of Fed. R. Civ. P. 4 is to 'to provide maximum freedom and flexibility in the procedures for giving all defendants . . . notice of commencement of the action and to eliminate unnecessary technicality in connection with service of process.'" Miller v. Ceres Unified Sch.

Dist., Case No. 1:15-cv-0029-BAM, 4 (E.D. Cal. Sep. 7, 2016) (citing Electrical Specialty Co. v. Road and Ranch Supply, Inc., 967 F.2d 309, 314 (9th Cir. 1992)).

10. As such, permitting service by email, even when I have not totally exhausted all other methods, is well within the Court's discretion and does not at all violate principles of due process.

11. Many years ago, service on an elusive defendant was typically handled by publishing a copy of the summons and complaint in the local newspaper. Of course, the odds that the Defendant would *actually see* that notice was astronomical. As such, it made sense that such service should only be authorized as a last resort. It was better than nothing, but "nothing" really is the only thing it's better than.

12. By contrast, service by email or by social media does not have that same problem. Whereas service by publication in a newspaper had an extremely low chance of actually reaching the defendant, service by email or social media accounts that the defendant regularly uses has a very low chance of *not* reaching him. As such, courts and law firms all over the nation are quickly beginning to champion service by email and/or social media as an adequate means of service of process. See …

- https://www.findlaw.com/legalblogs/law-and-life/can-you-serve-someone-with-a-lawsuit-via-twitter/
- https://ubaltlawreview.com/2017/01/20/youvebeenserved-court-holds-twitter-as-an-acceptable-method-of-service-of-process/
- https://www.dgrlegal.com/service-process-twitter-whatsapp/
- https://lawandcrime.com/lawsuit/a-tweet-is-now-apparently-an-acceptable-way-to-notify-someone-of-a-lawsuit/
- https://klosslaw.com/service-via-unconventional-means/
- https://undisputedlegal.com/how-to-serve-legal-papers-on-facebook/
- https://www.jglaw.law/resources/articles/service-of-legal-papers-via-facebook-yes/

13. This court should likewise adopt a similar philosophy.

14. Even in the already low chance that the service of process doesn't reach him somehow

(e.g. if the email gets sent to his spam folder), we must remember that the Defendant *in this case* clearly already knows about the lawsuit. Once I post the proof of service on Pacer, there is a 100% chance he will see that, even if he didn't receive the email in the first instance.

Leave Requested

15.     Therefore, the Court should grant me leave to serve process by email. If granted, I will send an email to zellzander@gmail.com, attaching copies of the summons, complaint, and (if the Court issues this order) the order to show cause why he should not be sanctioned for attempting to cause needless delay in the litigation by evading service of process. I will then file a notice with the Court, attaching a screenshot, with the attachments visible, proving that I have done this, similar to what I did in Case 4:21-cv-04184-JSW, Dkt. 118.

16.     From there, I ask that the Court declare service of process as having been effected on the Defendant, and that the 21 day time limit for him to respond begin to run the day after that, pursuant to Fed.R.Civ.P. 6(a)(1)(A).

17.     If the Defendant wishes to object to service by email, he is free to file a Motion pursuant to Fed.R.Civ.P. 12(b)(4) or 12(b)(5). But that would still require he make an appearance in this case and stop giving me the run-around.

## Conclusion

18.      Wherefore, premises considered, I respectfully request that leave to conduct service of process by email be granted.

So submitted on this, the 11th day of September, 2023.

*/s/ David Stebbins*
David Stebbins (pro se)