David Stebbins (pro se Plaintiff)     123 W. Ridge Ave., APT D, Harrison, AR 72601
(870) 212-4947                        acerthorn@yahoo.com

UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA

DAVID STEBBINS,                                          PLAINTIFF

VS.                          Case 3:22-cv-04082-AGT

JOHN DOE, d.b.a. "CMDR IMPERIALSALT" & "ZELLZANDER"        DEFENDANTS

## MOTION TO STRIKE OR IN THE ALTERNATIVE FOR PARTIAL JUDGMENT ON THE PLEADINGS

Comes now, pro se Plaintiff David Stebbins, who hereby submits the following Motion to Strike or in the Alternative for Partial Judgment on the Pleadings in the above-styled action.

1.      The Defendant has filed his Answer to Complaint on June 12, 2024. See Dkt. 51. In this Answer, he raises six affirmative defenses, although he groups two of them as one defense. All six of these defenses are frivolous and patently without merit. He also attempts to raise a counter-claim for what appears to be Intentional Infliction of Emotional Distress (IIED), but he fails to state a claim upon which relief can be granted.

2.      The Court has the power to strike from any pleading any redundant, immaterial, impertinent, or scandalous matter. See Fed.R.Civ.P. 12(f). It should do so here.

3.      In the alternative, I ask the Court to grant partial judgment on the pleadings, and declare all of the Defendants' affirmative defenses to be summarily without merit and that he may not conduct discovery on any of them. At that point, he should not be allowed to conduct discovery on any of the affirmative defenses. If prima facie copyright infringement is proven (see the Motion for Partial Summary Judgment, which is being filed alongside this motion, for more details), then he is liable to me for copyright infringement, full stop.

4.      I also ask the Court to declare that I am eligible to recover statutory damages in this case if I so choose, as my timely registration of the copyright is subject to judicial notice. Please see the attached "Request for Judicial Notice," which is hereby attached as **Exhibit A**, and the corresponding **Exhibit B** (the registration itself) for further details.

**The Court should strike the Defendant's affirmative defenses.**

5.      For the following reasons, all of the Defendant's affirmative defenses are patently without merit.

<u>Defense #1: Transfer to Central District of California</u>

6.      First, the Defendant insists that venue should be transferred to the Central District of California, since that is where he lives at the moment. However, it was not where he lived at the time the lawsuit was first filed. As I pointed out in the Complaint, the first count of infringement was not him reposting the stream on Kiwi Farms, but instead was him downloading the stream onto his computer. That occurred on YouTube's servers and therefore was subject to jurisdiction in the Northern District of California.

7.      As I pointed out in the Complaint, "Imagine how this would work in a world without Internet. Imagine if someone stole some merchandise from a Californian retailer, and then drove to Florida to distribute the stolen goods. In such a case, both Florida and California would have concurrent jurisdiction over the dispute." The same thing applies to the Northern vs. Central Districts of California.

8.      Even if we were to assume that the Central District would have had exclusive jurisdiction had he been living there since the beginning of the case, it is preposterous to assume that the Central District (which otherwise had nothing at all to do with the case at the time it was filed) somehow takes exclusive jurisdiction1 simply because the Defendant moved there while the case was still pending. Such a prospect is ludicrous on its face.

9.      If the case should be transferred to anywhere else, it should ideally be transferred to the Western District of Washington, as that is the district where the Defendant resided at the time he committed the underlying infringements.

<u>Defenses #2 & #3: I did not register the copyright and therefore cannot recovery statutory damages.</u>

10.      Next, the Defendant argues that the case should be thrown out under 17 USC § 411 because I, to this day, have not registered the copyright. Furthermore, he argues that, because I have not registered the copyright yet, I cannot recover statutory damages even if the case is

eventually refiled, pursuant to 17 USC § 412(2).

11.     These two affirmative defenses are frivolous because they can be disproven through Judicial Notice. See **Exhibit A** and **Exhibit B**. As the Court can clearly see with its own two eyes, I did in fact register the copyright. The effective date of registration is June 29, 2022, which is only four days after the date of first publication, well within the time frame to be eligible for statutory damages under 17 USC § 412(2) and also predates the filing of this lawsuit.

12.     Therefore, these two defenses should be stricken, or in the alternative summarily adjudicated pursuant to Fed.R.Civ.P. 12(c), as being demonstrably false. Furthermore, the Court should consider imposing sanctions against the Defendant for issuing a pleading in violation of Fed.R.Civ.P. 11(b)(3).

<u>Defense #4: Fair Use</u>

13.     Next, the Defendant raises the issue of fair use. This is a patently frivolous defense that the Court can summarily adjudicate at the pleading stage. Bear in mind that the infringing post is still publicly visible. The link I provided in the Complaint no longer works, but that is only because the website has had to switch hosts since this Complaint was filed (see Dkt. 38-8, ¶¶ 15-18 for more details), but the post is still publicly visible on the dark web. Simply replace the domain "http://www.kiwifarms.net" in the URL with https://kiwifarmsaaf4t2h7gc3dfc5ojhmqruw2nit3uejrpiagrxeuxiyxcyd.onion, keep everything else in the URL the same, and the Court can still see the infringing post (as well as every other post referenced in the Complaint).

14.     As the Court can clearly see, the Defendant has no case at all for fair use. In his infringing post, he provided a grand total of *three whole sentences* of original content[1] before proceeding to post the entire stream, broken up into four parts. Of those three sentences, only two of them (the second and third sentences) could even nominally be considered criticism or commentary. The first sentence is just him announcing what he's doing, which has no transform-ative value. The other two sentences could charitably be considered "nominally transformative," but that still isn't enough to post the *entire stream.* If he had only posted a 10-15 second clip of

---

1   "Here is the video of the Elden Ring 'debate' split into parts. I like how 8 minutes into it starts to devolve. The sores on his face is apparently he 'cut himself while shaving.'"

around the 8 minute mark, he would have had a much stronger case.

15.     The Defendant has vaguely alleged some sort of "educational" purpose. However, not only does he fail to adequately explain exactly how his reposting counts as "educational," the fact remains that there is not one single solitary factor under 17 USC § 107(1)-(4) that is even nominally met.

16.     Therefore, the Court should adjudicate this defense on the pleadings, on the grounds that there is no genuine dispute of material fact and I am entitled to prevail on the issue of fair use as a matter of law.

<u>Defense #5: Failure to File a DMCA Takedown</u>

17.     Next, the Defendant claims that I should not be allowed to prevail in this matter because I have "not properly filed a DMCA against KiwiFarms, which is required before filing a claim." By "filed a DMCA," he apparently means a DMCA Takedown Notice, the informal name colloquially given to the otherwise unnamed notification process set forth in 17 USC § 512(c).

18.     This is a patently frivolous defense that should be stricken forthwith under FRCP 12(f) as immaterial, impertinent, and scandalous, and should also be sanctioned under FRCP 11(b)(2).

19.     The Defendant says that "If I was the Plaintiff, I'd file a DMCA against KiwiFarms." But what he personally would have done is simply of no consequence.

20.     Put simply, there is no requirement that I file a DMCA Takedown before filing suit against a direct infringer. The Defendant cites to no legal authority creating this requirement, nor can he, because no such law exists.

21.     The DMCA and its eponymous takedown procedure exists solely to protect websites, but confers no protection at all to direct infringers. The statute was designed to ensure that websites won't be held vicariously liable simply because they don't screen every piece of content that is posted to their websites (which would be prohibitively expensive, even for the largest of websites like YouTube) and, as a result of this lack of manual screening, some instances of copyright infringement will inevitably slip under their noses through no fault of their own. It does not protect direct infringers in any way, shape, or form.

22.     A policy to the contrary would be remarkably perverse. If the Court were to adopt such a

policy, it would effectively give direct infringers a "free round" at reposting whatever copyright-ed content they want onto whatever website they want. A copyright holder would issue a DMCA Takedown, and the direct infringer could avoid all de facto consequences for his actions through the simple expedient of not issuing a DMCA Counter-Notification. Even though his actions were blatantly illegal, he can't be sued unless he counter-notifies. At that point, even if the infringing article were taken down after only a few minutes, that would be all the time that is needed for a couple dozen other people to quickly download the infringing article themselves (like a swarm of ants on a discarded piece of food) and then subsequently repost it themselves. Each subsequent reposter would themselves be entitled to their own "free round" of copyright infringement, rend-ering the copyright effectively unenforceable. The Supreme Court cautioned against interpreta-tions of the law that would have the effect of rendering "the promise of copyright ... an empty one." See Harper & Row, Publishers, Inc. v. Nation Enterprises, 471 US 539, 557 (1985).

23.     In fact, a similar "Get Out of Consequences Free Card" was advocated for, and struck down with extreme prejudice, in the case of BMG Rights Management v. Cox Communications, 881 F. 3d 293 (4th Cir. 2018), where Cox Communications argued that the DMCA's requirement that ISPs adopt a policy of terminating the accounts of repeat infringers only applied to "*adjudic-ated* repeat infringers: people who have been held liable by a court for multiple instances of cop-yright infringement." See id at 301 (emphasis in original). If adopted, this policy would have the effect of rendering the DMCA almost completely inert. Much like what Jones is advocating for in this case, such a policy would effectively mean that most infringers would have carte blanche to commit all the copyright infringements they wanted. As long as they never counter the DMCA Takedowns they receive, that significantly lessens the likelihood they will ever be sued, which in turn means their infringements can never be adjudicated. Like what Jones is advocating for in this case, this would give direct infringers a pocket veto. The direct infringers would absolutely be in violation of the law, but the copyright holders would have no means of enforcing their rights, rendering copyright law effectively inert as a result.

24.     Needless to say, the Fourth Circuit Court of Appeals rejected Cox's proposed monkey's paw, as adopting it would be ludicrous on its face and clearly at odds with express Congressional

intent, who clearly wanted to deter would-be infringers through means other than the risk of civil liability for damages. See id at 302:

> "Indeed, the risk of losing one's Internet access would hardly constitute a 'realistic threat' capable of deterring infringement if that punishment applied only to those *already* subject to civil penalties and legal fees as adjudicated infringers." (emphasis in original).

25.    This Court should likewise reject Jones's proposed monkey's paw and decline to give direct infringers this pocket veto that he is asking for.

26.    I will be serving the defendant with a motion for sanctions immediately after filing this motion and will file that motion in 21 days if his Answer is not withdrawn. However, even if the Defendant's argument is not in violation of FRCP 11 for reasons mentioned in the previous four paragraphs, it still needs to be stricken. Even if the Defendant could put forth a genuinely compelling reason for why a copyright holder should be required to file a DMCA before filing suit, it ultimately doesn't matter. Judges cannot legislate from the bench, so no matter how compelling his argument is, it is an argument he must make to Congress, not the courts. Period.

27.    For all of these reasons and more, this defense is frivolous and should be stricken under Rule 12(f).

Defense #6: I was declared a vexatious litigant

28.    The Defendant's final affirmative defense is that I was declared a vexatious litigant in this district some time after this lawsuit was filed. The Defendant cites to no authority explaining how this has anything to do with the instant case, nor does he attempt to make any argument that it affects the instant case in any way, shape, or form. As such, it should be stricken under FRCP 12(f) as being immaterial and impertinent.

**The Court should declare that I am eligible to recover statutory damages**

29.    In addition to striking the affirmative defenses and/or judging them on the pleadings, I also ask the Court to issue judgment on the pleadings in my favor on the issue of whether or not I am entitled to recover statutory damages. **Exhibit A** and **Exhibit B** demonstrate that I registered the copyright for the underlying stream well within three months of the date of first publication. This is all a matter of public record.

30.     Unfortunately, the Defendant has frivolously attempted to put this fact in dispute.

31.     I therefore ask the Court to declare, on the pleadings, that I am indeed eligible to recover statutory damages in this action if I so choose.

## CONCLUSION

32.     As mentioned earlier, I will be serving the Defendant with a copy of a draft Motion for Sanctions right after filing this motion. If, within 21 days, he does not withdraw his patently frivolous defenses, I will file that motion. I will also be filing a Motion for Partial Summary Judgment alongside this motion, asking the Court to summarily declare that the Defendant committed copyright infringement against me and impose injunctions against him.

33.     Wherefore, premises considered, I respectfully pray that the Defendant's affirmative defenses be stricken or otherwise summarily disposed of on the pleadings.

So requested on this, the 12th day of June, 2024.

*/s/ David Stebbins*
David Stebbins (pro se)