David Stebbins (pro se Plaintiff)        123 W. Ridge Ave., APT D, Harrison, AR 72601
(870) 212-4947                           acerthorn@yahoo.com

UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA

DAVID STEBBINS,                                          PLAINTIFF

VS.                              Case 3:22-cv-04082-AGT

JOHN DOE, d.b.a. "CMDR IMPERIALSALT" & "ZELLZANDER"        DEFENDANTS

### ANSWER TO COUNTERCLAIM

Comes now, pro se Plaintiff David Stebbins, who hereby submits the following Answer to Counterclaim, pursuant to Fed.R.Civ.P. 7(a)(3), in the above-styled action.

1.      No reply to the Defendant's answer is permitted unless the Court orders otherwise. See FRCP 7(a)(7). However, the Defendant has also filed a counterclaim, alleging what appears to be intentional infliction of emotional distress. See Dkt. 51, p. 5. I have the right to file an Answer to that without leave of court. This answer will be limited exclusively to that one page.

2.      I generally deny all allegations in the Counterclaim except those which are specifically admitted to.

3.      ¶ 1 of the counterclaim is generally denied. I admit that I made a video notifying the Defendant that I had located him. Everything else is denied. I never released that video publicly. I never intended to release his private information, and certainly not "through intimidation" (whatever that means). Furthermore, I never sent the video to any email addresses that were not associated with him. In addition, nothing in ¶ 1 of the counterclaim establishes outrageous conduct.

4.      ¶ 2 of the counterclaim is generally denied. I deny that I sent these text mess-ages. I deny that they are harassing or threatening. I deny that these messages display unprofessional behavior. I deny that these messages (whoever sent them) are sent out of spite or malice. Furthermore, the alleged actions do not rise to the level of extreme or outrageous, and do not rise to the level of being "beyond all possible [bounds] of decency... regarded as atrocious, and utterly intolerable in a civilized community," (see Mintz v. Blue Cross of Cal., 172 Cal. App. 4th 1594, 1608 (2009)) and, therefore, fail to sufficiently allege the first essential element of IIED.

5.      ¶ 3 of the counterclaim is generally denied. The Defendant's "mental capacity" has not been "lowered" (whatever that means) in any way, shape, or form. Furthermore, this "lowering" of the Defendant's "mental capacity" (whatever that means) does not rise to the level of "emotional distress of such substantial quality or enduring quality that no reasonable [person] in civilized society should be expected to endure it" (see Mintz, supra; citations and quotations omited). I am not an "unstable" individual. What I may or may not have done in the past is not relevant in this case, pursuant to Federal Rule of Evidence 404. The Defendant is not legitimately in fear for his life and, in fact, has even challenged me to "trial by combat" in the past. See Dkt. 30-1 and Dkt. 47, ¶¶ 36-37.

6.      For ¶ 4 of the counterclaim, I admit hat I contacted the Defendant for purposes of settling the case. However, I deny that I made an "offer to settle." Rather, I simply invited him to engage in settlement negotiations, but I made no formal settlement offer. I  generally deny all other allegations in ¶ 4 of the counterclaim. I did not use blackmail or extortion tactics against him, nor do I believe that this is a criminal case and not a civil one.

## Affirmative Defenses

7.      I hereby raise the following affirmative defenses:

8.      First, the Defendant is guilty of unclean hands.

9.      Second, the Defendant actively participated in the conduct himself, namely by distributing the video mentioned in ¶ 1 of the counterclaim for others to see besides himself.

## CONCLUSION

10.      Wherefore, premises considered, I respectfully pray that the defendant/counter-plaintiff recover nothing, that his counter-claim be dismissed with prejudice, costs incurred be awarded, and for any other relief to which I may be entitled. So requested on this, the 19th day of June, 2024.

*/s/ David Stebbins*
David Stebbins (pro se)