# EXHIBIT C

David Stebbins (pro se Plaintiff)   123 W. Ridge Ave., APT D, Harrison, AR 72601
(870) 212-4947   acerthorn@yahoo.com

UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA

DAVID STEBBINS,                                               PLAINTIFF

VS.                          Case 3:22-cv-04082-AGT

JOHN DOE, d.b.a. "CMDR IMPERIALSALT" & "ZELLZANDER"       DEFENDANTS

**SECOND MOTION FOR SANCTIONS**

Comes now, pro se Plaintiff David Stebbins, who hereby submits the following Second Motion for Sanctions in the above-styled action.

**Facts**

1. In his Answer to Complaint, in an attempt to defeat my allegations that he infringed my copyright first by downloading my stream off of YouTube, he alleges that he downloaded it using YouTube's "premium" download feature. His exact words were ...

> "Defendant was actively paying YouTube for Premium access which includes downloading videos directly from YouTube to watch later... Video was not illegally downloaded, in fact, YouTube allowed the video to be downloaded as part of the features for YouTube Premium." See Dkt. 51, ¶ 11.

2. This statement is almost certainly a bald-faced lie. In fact, it is literally impossible that the Defendant is telling the truth.

3. First, YouTube Premium does technically allow some videos (but not all; see below for more details) to be downloaded. However, as I mentioned in my Motion for Partial Summary Judgment, they do not allow them to be downloaded in any way that enables the downloading party to repost them to other websites. The downloaded videos are in fact encrypted and can only be viewed from within the YouTube app. See **Exhibit A** for proof. That exhibit also provides a source URL so the Court can see this page with its own two eyes if it so chooses.

4. But even barring that, there is another reason why the Defendant's version of events cannot possibly be true. Remember that the video that he reposted in the instant case was gated behind a $1 paywall. Even the Defendant admits to this in Dkt. 51, ¶ 10. This is an important

thing to keep in mind, because YouTube does not even allow the premium download option in the first place for paywalled videos!

5. To prove this, See **Exhibit B**, which contains screenshots from the watch pages of five of my most popular non-paywalled videos. Each of these five examples also contains source URLs so the Court can see them with its own two eyes. You can clearly see that there are download buttons for YouTube Premium subscribers to download them.

6. However, contrast that with **Exhibit C**, which provides similar screenshots (complete with source URLs for the Court's convenience) of five of my paywalled videos. You can see that the download option is conspicuously absent from these watch pages.

7. In light of all of this evidence, the preponderance of the evidence is that the Defendant used third party software to illegally download the video, and then *lied* in his Answer by claiming he used YouTube Premium to download it, knowing that to be a lie. He may have had a YouTube Premium subscription (although even that is doubtful, but I can't prove it's a lie at this point in time), but he certainly didn't use it to acquire the copy of my stream which he proceeded to repost to Kiwi Farms. That much is necessarily a lie.

8. To be clear, I am saying that the Defendant knew or should have known that his factual contents were *impossible*. But he still knew that his factual contentions were *untrue*, and that is all that is necessary for a Rule 11 violation.

## Legal Arguments

9. When a party files a pleading (such as an Answer), he represents to the Court that "the factual contentions have evidentiary support." See Fed.R.Civ.P. 11(b)(3). "If, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any ... party that violated the rule." See Fed.R.Civ.P. 11(c)(1). When a violation occurs, "[s]anctions under Rule 11 are mandatory." See Golden Eagle Distributing Corp. v. Burroughs Corp., 801 F. 2d 1531, 1540 (1986).

10. Here, the Defendant clearly and flagrantly violated Rule 11(b)(3) by giving factual contentions he knew full well to be false. He may not have realized I would so easily be able to prove it, but he still knew his factual contentions were false, and that's all that matters.

11.     The odds that he believed in good faith that he was telling the truth are one in a million. In order to have a genuine, good faith belief in the truth of his factual contentions, he would have to have *hallucinated* a false memory where he downloaded a repostable copy of the video using YouTube Premium, an event which never actually happened. Since it is proven beyond any reasonable doubt that it never happened, that's the only way he could possibly have genuinely believed that it happened. However, the odds of that being the case are one in a million.

12.     I therefore ask the Court to impose on the Defendant an appropriate sanction to teach him a lesson about telling bald-faced lies to the Court.

So requested on this, the 4th day of July, 2024.

*/s/ David Stebbins*
David Stebbins (pro se)