David Stebbins (pro se Plaintiff)     123 W. Ridge Ave., APT D, Harrison, AR 72601
(870) 212-4947                        acerthorn@yahoo.com

UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA

DAVID STEBBINS,                                          PLAINTIFF

VS.                              Case 3:22-cv-04082-AGT

JOHN DOE, d.b.a. "CMDR IMPERIALSALT" & "ZELLZANDER"        DEFENDANTS

## REPLY TO DKT. 59, RESPONSE IN OPPOSITION TO DKT. 54 & DKT. 55, MOTION TO STRIKE, FOR PARTIAL JUDGMENT ON THE PLEADINGS, AND FOR PARTIAL SUMMARY JUDGMENT

Comes now, pro se Plaintiff David Stebbins, who hereby submits the following Reply to the Defendant's Response in Opposition to

### Overview of Defendant's Response

1.     The Defendant's Response is six pages of rambling, borderling incoherent nonsense that is barely legible. All throughout the response, he never even so much as nominally addresses (A) the issue of prima facie copyright infringement (including the part where I explained that he necessarily did not download the video through YouTube's "Premium" service), (B) his defense of improper venue, (C) his defense that I didn't register the copyright, (D) his defense that I was declared a vexatious litigant, (E) my request that the Court declare that I am eligible to recover statutory damages, or (F) my request that the Court declare that the Defendant acted willfully and maliciously as requested in Dkt. 55, ¶ 39.

2.     Because the Defendant has not addressed any of those issues, the Court should declare those issues unopposed and undisputed, pursuant to Fed.R.Civ.P. 56(e)(2) and proceed to grant the motions to strike and for partial summary judgment on those issues, pursuant to Fed.R.Civ,.P. 56(e)(3).

3.     Throughout the Defendant's incoherent babbling, he does appear to at least nominally address (A) theinjunctions I requested in Dkt. 55, ¶¶ 41-57, (B) my attempts to have stricken his defense of fair use, and (C) my attempts to have stricken his defense that I failed to properly file

a DMCA Takedown Notice. However, at no point does he actually show any genuine dispute of material fact, pursuant to the procedure set forth in Fed.R.Civ.P. 56(c)(1). At no point does he actually justify that the two defenses he tries to defend actually deserve to stick around. While he nominally argues against the first and third injunctions, he never tries to argue that he shouldn't be made to follow them. For this reason, even the matters he nominally addresses still deserve to be summarily adjudicated in my favor.

### Page 1, Lines 13-18

4.      First, the Defendant alleges that I based my two motions on his April 10, 2024 Answer, which has been stricken from the record, and insists that I "have not read" his May 13, 2024 answer. This is a lie. While I fully admit that I had drafted a good portion of my two motions before he filed his renewed Answer, I still read his renewed Answer before I filed both motions.

5.      I even made some last-minute alterations to the motions before filing them. For example, in Dkt. 55, ¶ 28, I acknowledge that the Defendant avers that he used the download feature of YouTube Premium to lawfully obtain his copy of the stream before I proceed to demolish that claim with overwhelming evidence. Meanwhile, in Dkt. 54, ¶ 19, I acknowledge the Defendant argues "If I was the Plaintiff, I'd file a DMCA against KiwiFarms." Both of these are statements that only appeared in Dkt. 51 (and later Dkt. 57), not Dkt. 41.

6.      Once again, the Defendant is lying.

### Page 1, Lines 19-28

7.      Next, the Defendant claims I "disregarded" his "directions" to issue a DMCA Takedown with Kiwi Farms. I didn't "disregard" this. I'm literally doing the complete opposite: I'm moving to strike it.

8.      Because the defense is properly subject to striking under Rule 12(c), I am not required to consider it beyond that.

9.      Next, he claims that he cannot recover his ZellZander account because (A) the account was hacked, and (B) "due to the associated email no longer functioning, ... it is currently in limbo as the password reset requests go to a non-existeant email address."

10.     At no point does the Defendant provide even an iota of evidence to support these two

claims. He never proves that the account was ever hacked, nor does he ever prove that the email address associated with it was ever deleted.

11.     The Defendant does not even provide an affidavit to support these claims, so his allegations are inadmissible pursuant to the local rules! See L.R. 7-5(a) ("Factual contentions made in support of or in opposition to any motion must be supported by an affidavit").

12.     Even if the Court were to take his word for it that the email address was deleted, that just begs the question of *why* he deleted it. As I pointed out in Dkt. 47, ¶¶ 58-60, if he intentionally deleted his own email address in the hopes of preventing me from contacting him in order to resolve this case, then that's his fault. His alleged inability to comply with Injunction #1, even if it could be proven, still should not be an excuse for his failure to comply. See United States v. Asay, 614 F. 2d 655, 660 (9th Cir. 1980) ("Inability to comply with an order is ordinarily a complete defense to a charge of contempt. An exception exists when the person charged is responsible for the inability to comply"). See also FTC v. Affordable Media, LLC, 179 F. 3d 1228, 1239 (9th Cir. 1999) ("It is readily apparent that the [Defendant's] inability to comply with the district court's ... order is the intended result of their own conduct").

13.     So unless and until the Defendant provides *actual proof* that (A) the email address no longer exists, and (B) it's not his fault that it no longer exists, then he should still be liable for the injunction to remove it.

**Page 2, Lines 2-7**

14.     First of all, this paragraph is blatant hearsay, and is therefore inadmissible under 802. This entire paragraph needs to be stricken. If the defendant wanted to make this assertion, he needs to bring in Joshua Moon (the real name of Null, owner of Kiwi Farms) as a witness, and have him submit his own affidavit attesting to this.

15.     Even if this is admissible, it still doesn't show a genuine dispute of material fact. It doesn't offer any reason why the Court should not issue Injunction #1. If anything, it only further shows that there is no good reason for this Court to put off issuing this injunction any longer.

**Page 2, line 9 thru Page 3, Line 8**

16.     The next segment is just three paragraphs of him rambling about nothing. From what I

am able to gather, he appears to argue that he is entitled to fair use simply because I have a series on my channel that he, personally, believes is an infringement of copyright in its own right.

17.     This is not a valid argument.

18.     Even if his accusations of recrimination were true (which they're not), that doesn't matter because recrimination simply is not a factor in copyright law. It *used* to be a factor in *divorce* law in California[1], although even that has been rendered obsolete for decades with the advent of no-fault divorce. But in copyright law, it is and always has been entirely irrelevant.

19.     Even if the recrimination was true (which it isn't), that doesn't mean he is entitled to fair use in this case. It just means that I could conceivably be held liable for those videos ___**IF**___ (and this is a big "if") those copyright holders decided to pursue those claims in court. But that still does the Defendant no favors in the instant case. "Copyright is not a privilege reserved for the well-behaved." See Google LLC v. Oracle America, Inc., 141 S. Ct. 1183, 1204 (2021). See also Loughran v. Loughran, 292 US 216, 229 (1934) ("Equity does not demand that its suitors shall have led blameless lives"). See also Republic Molding Corporation v. BW Photo Utilities, 319 F. 2d 347, 349 (9th Cir. 1963) ("What is material is not that the plaintiff's hands are dirty, but that he dirtied them in acquiring the right he now asserts ... we should not by this doctrine create a rule comparable to that by which a careless motorist would be able to defend the subsequent personal injury suit by proving that the pedestrian had beaten his wife before leaving his home").

20.     And just to clarify: I am not conceding that I am guilty of infringing on anyone's copyright without following fair use. If those claims were to ever come properly before any court, I reserve the right to argue my case for them. I am merely asserting that this is not the time or the place to adjudicate those allegations, since they are not relevant to the instant case.

21.     Therefore, these three paragraphs of nothing should be summarily stricken from consideration.

### Page 3, Lines 10-21

22.     This paragraph is dedicated to arguing why his damages should be minimized. This is of no consequence to the two motions that are currently before the Court. In fact, I explicitly stated

---

1   See De Burgh v. De Burgh, 39 Cal.2d 858 (1952) as just one example. Although the judgment was overturned, it still shows that recrimination did, in fact, used to be a defense to divorce in California, many years ago.

in the Motion for Partial Summary Judgment that, upon both motions being granted, the only issue that remains to be litigated is the extent of damages. See Dkt. 55, ¶ 17.

23.     I therefore ask the Court to ignore this paragraph, as it seeks only to argue matters that are not yet before the Court.

### Page 3, Line 23 thru Page 4, Line 23

24.     I sincerely have difficulty understanding what the Defendant is even arguing in this case.

25.     First, I am not alleging that the Defendant "should not be allowed to defend [him]self." That is an absurd idea.

26.     That, however, is the most I am able to glean out of his incoherent babbling. The rest of this paragraph is downright incomprehensible. He seems to be mentioning something from one of my old civil cases from many many years ago, but he fails to actually make a point.

27.     One thing is certain: He fails to show any genuine dispute of material fact in the two current motions. For that reason, the Court should ignore this section of his response as it is a blatant chewbacca defense.

### Page 4, Line 25 thru Page 5, Line 10

28.     This has to be the most frivolous thing the Defendant has said for the entire case up to this point, and considering that his pleadings up to this point included denying that he reposted the video even though the Court can see the reposting with its own two eyes, that's saying a lot.

29.     The Defendant's argument in this section of the response is, basically, that he has the right to repost my copyrighted content because it's my fault for being a big, stinky doo-doo head. It's basically the equivalent of a bully in school saying that he's justified in bullying his victim because his victim is just that much of a pathetic loser.

30.     His exact words were "We would not be here if not for the Plaintiff's [blah blah blah]... Had the Plaintiff not been a [big stinky doo-doo head], this case would not have happened, nor would I had the the urge to re-upload Plaintiff's broadcast to the website." Aside from the parts in brackets, those were literally his *exact words!*

31.     What's next? Is a defendant in an assault & battery case going to argue that it's actually the plaintiff's fault he got punched in the face, because it's his fault for *having such a punchable*

*face?!* If the plaintiff didn't have such a punchable face, the defendant wouldn't have gotten the urge to punch it, so it's actually the plaintiff's fault!

32.     This argument is so preposterous, and so ludicrous on its face, that it must be a candidate for the Hall of Fame of the Most Frivolous Legal Arguments of All Time, right up there with Matthew Washington's infamous "Motion to Kiss My Ass[2]," Paul Hensler's pro se divorce petition where he concedes that reconciliation may be possible if his wife "consents to having her mouth surgically closed[3]," or the defendants in Priscilla Agosto's sexual harassment lawsuit claiming that they couldn't have sexually harassed her because she's "too ugly" and that no one would touch her anyway[4]!

33.     Here's the simple bottom line: ***"Copyright is not a privilege reserved for the well-behaved."*** See Google, supra. I don't know how much simpler I can put that. Whatever I may or may not have done, years and years ago, has no bearing on the instant case. It's as simple as that.

34.     However, there is at least one useful thing the Defendant said: Now, he finally admits that he did, in fact, repost the video on Kiwi Farms, even though he previously denied same when the Court could see the reposting with its own two eyes. Now, there is even less reason than there was before for the Court to put off entering partial summary judgment.

### Page 5, Lines 12-24

35.     Next, the defendant recommences his argument against the requested injunctions. Why he could not have lumped this and his earlier arguments regarding the injunctions into the same section of his response is anyone's guess. Heaven forbid this pleading have anything resembling a coherent structure.

36.     Anyway, I find it rather interesting that the defendant never makes any attempt to argue against the *legal propriety* of these three injunctions, or why he should not be made to comply with them. All he does is inquire into the scope of the injunctions and the legal license he is to be given in the completion of the third injunction. At no point does he deny that it would be just or equitable for him to have to comply with the third injunction. For this reason, the contents of

---

2    Washington v. Alaimo, 934 F. Supp. 1395 (S.D. Geor. 1996)
3    https://lawhaha.com/handwritten-divorce-petition-shows-fine-line-between-love-and-hate/
4    https://www.dailymail.co.uk/news/article-2025111/Shes-ugly-touch-Real-estate-firm-denies-employees-sexual-harassment-claim.html

Dkt. 55, ¶¶ 47-57 are unopposed. Therefore, the Court should grant the requested relief, pursuant to Fed.R.Civ.P. 56(e)(2)-(3).

37.     To answer the defendant's questions, no, I do not believe he should be given carte blanche to commit crimes in furtherance of complying with this injunction. He can go through the courts, just like everyone else, in order to *lawfully* seize the devices of those who downloaded my stream without authorization and purge them of any instances of my stream.

38.     As to the second injunction, the answer is yes, every device in his legal possession – including those that are still at his parents' house in Washington State – should be seized and submitted to a computer forensics expert of the Court's choosing[5] to be irreversibly purged of any/all instances of my copyrighted content, and that the defendant be made to bear the costs in the first instance of this service.

39.     Since the Defendant does not object to the injunctions generally, the Court should impose them.

**Page 5, Lines 24-26**

40.     In the final sentence of Page 5 of his response, the Defendant argues that "[a]ccording to U.S.C. SS107, [he is] allowed to have a personal copy of the material without permission of the copyright holder." I assume his typing of "SS" is a stand-in for the section symbol "§."

41.     Put simply, the plain text of the statute does not support this legal argument. Nowhere in the plain text of the fair use statute does this right appear, and the defendant provides no case law stating that it is fair use to download your own personal copy of a YouTube video.

42.     The closest I can think of to a case law that even remotely suggests something like this is Sony Corp. of America v. Universal City Studios, Inc., 464 US 417 (1984), which held that timeshifting fell under fair use. However, that case law is inapposite here, since the archive of the stream was already available on-demand anyway. Therefore, the main function of timeshifting which the Supreme Court upheld as legitimate – "to record a program he cannot view as it is being televised and then to watch it once at a later time" (id at 421) – is not applicable to the instant case. The stream was *already* time-shifted to begin with.

---

5  I take it that the Court knows the experts of the California area a lot better than I do, so it can make a much better choice than me.

43.     Therefore, the Court should summarily reject this defense.

**Page 6, Lines 1-4**

44.     Finally, the defendant attempts to rant about my Answer to Counterclaim, rather than defend against the two motions currently before the Court. Since this final paragraph has nothing to do with the two motions currently before the Court, I will not address this paragraph, to the limited extent I can even understand most of it.

**Conclusion**

45.     In conclusion, the defendant has written a lot but said next to nothing. In his six-page-long incoherent babbling, he failed to create even a single solitary genuine dispute of material fact. He tries to raise several *immaterial* facts, but those do him no good regarding the two instant cases.

46.     Wherefore, premises considered, I respectfully pray that the Motion to Strike or in the Alternative for Partial Judgment on the Pleadings, as well as the Motion for Partial Summary Judgment, both be granted.

So requested on this, the 28th day of June, 2024.

*/s/ David Stebbins*
David Stebbins (pro se)